REQUESTED BY: Mr. Jerry J. Bolin, Director, Department of Correctional Services.
1. Do the juvenile courts of this State have statutory authority to commit section 43-202(4), R.R.S. 1943 children to the Department of Correctional Services Youth Development Centers?
2. Do the juvenile courts of this State have statutory authority to designate the program assignment of a section43-202(4) R.R.S. 1943 child within the Department of Correctional Services program or is their authority limited to a general commitment to the Department?
1. No.
2. The juvenile courts may not designate a specific program placement within the Department of Correctional Services Juvenile Programs, however, the Department of Correctional Services placement options are limited by the provisions of section 43-210.01, R.R.S. 1943.
You have requested our opinion concerning the interpretation of the provisions of Chapter 43, Article 2, of our statutes in light of the amendments made to that Article by Laws 1978, LB 700. The provisions of Chapter 43, Article 2, include several references to placement options for section43-202(4) children. Section 43-208, allows the juvenile courts, among other options, to commit such children to a `suitable institution' or with the care and custody of the Department of Public Welfare. Section 43-210(2), allows the juvenile courts to commit section 43-202(4) children to the Department of Correctional Services (DCS) with the specific exception that such children under the age of 12 years generally shall not be placed in either of DCS's Youth Development Centers. Also, section 43-210.01 provides:
 "Notwithstanding the provisions of subdivision (2) of section 43-210, when any child is found by the court to be a child as defined by subdivision (4) of section 43-202, the court may (1) enter such order as it is empowered to enter in the case of a child described in subdivision (3) of section 43-202 except that no such child shall be committed to the Youth Development Center-Kearney or the Youth Development Center-Geneva, or (2) enter such order committing or placing the child to the care and custody of the Department of Public Welfare."
Nowhere in these sections do we observe any indication of a legislative intent to limit the juvenile courts' ability to commit section 43-202(4) children to the custody of DCS, beyond the specific limitation that such commitments not result in placement at either of DCS's Youth Development Centers.
LB 700 did not amend section 43-210, which specifically allows placement of section 43-202(4) children with DCS. LB 700 did prohibit the placement of section 43-202(4) children in a DCS Youth Development Center and added the option of placement of such children with the Department of Public Welfare to section 43-210.01.
Therefore, in answer to the specific questions you have raised, it is our opinion that the juvenile courts of this State do have authority to commit section 43-202(4) children to the custody of DCS. It is also our opinion that although the juvenile courts have authority to commit section43-202(4) children to the custody of DCS they do not have authority to designate program placement for those children within the DCS juvenile system. Once committed, the placement of those children rests solely within the discretion of DCS so long as the limitations of section 43-210(2) and section43-210.01 are borne in mind.